Hiram Clark & another *vs.* Solomon Garfield.

It is not reasonable care and prudence in a guardian to invest his ward's money in the note of a single person or a single firm, in active business, without security, unless extraordinary circumstances are shown to justify such an investment; and if a ɒss occurs in consequence thereof, he will be held responsible for it.

Appeal from a decree of the judge of probate, allowing a guardian's claim for a loss to his ward's estate, which occurred under the following circumstances :

The guardian was appointed in 1834, and in 1845 he took a note against his son, John M. Garfield, for $1200, in payment for a farm belonging to his ward's estate. In 1859 and 1860 the son held two notes, one for $457.76 and the other for $173, each payable in six months, against Platner & Smith, who were paper manufacturers in good credit and doing an extensive business. These notes were transferred before their maturity to the guardian, who paid a portion of their amount in money of his ward, and indorsed the residue upon the note for $1200. The guardian then supposed that the notes of Platner & Smith would be punctually paid ; but they afterwards failed, and a compromise was made by which a loss of $370.95 was sustained.

*H. W. Bishop,* for the appellant, cited *Harding* v. *Larned,* 4 Allen, 426, and cases there cited ; *Wormley* v. *Wormley,* 8 Wheat. 421 ; *Smith* v. *Smith,* 4 Johns. Ch. 281 ; *Monell* v. *Monell,* 5 Johns. Ch. 297 ; *Caffrey* v. *Darby,* 6 Ves. 488 ; *Powell* v. *Evans,* 5 Ves. 839 ; *Pocock* v. *Reddington,* Ib. 794.

*M. Wilcox,* for the appellee, cited, in addition to some of the above cases, *Brown* v. *Dunham,* 11 Gray, 42.

Hoar, J. There is nothing in the facts agreed which leads us to doubt the good faith of the guardian in making the investment which has resulted in a loss to his ward's estate. Nor do we question the rule for which his counsel contends, that if a trustee acts with good faith and a sound discretion in the investment of trust funds, he is not to be held responsible for

any loss which may happen. There is no other restriction, in this commonwealth, upon the kinds of investment which a trustee may make, than that which this rule implies. *Harvard College* v. *Amory*, 9 Pick. 446. *Lovell* v. *Minot*, 20 Pick. 116.

But the facts show that the guardian invested a considerable sum belonging to his ward's estate in a note of his son, which he held, and which was wholly unsecured. In payment of this note he took the note of a manufacturing firm, who were at the time in perfectly good credit, but without taking any other security, not even the indorsement or guaranty of his son, from whom he received it. The question is, was this the exercise of a *sound discretion* ? We can have no doubt that it was not; and no case has been cited in which such an investment was ever sanctioned by a court. We think that to allow it would furnish a precedent of the most dangerous character, and would open a wide door to fraud. Such a note would not be taken by any bank of discount, much less by any savings bank; though the investments of savings banks, being regulated by statute, do not afford a precise standard of comparison. The transaction puts the property of the ward at the risk of the business of the partnership, without any corresponding chance of profit.

We do not mean to decide that personal security is of itself insufficient; nor even that in no possible case could the promissory note of a single person be taken by a trustee. But under the circumstances which this case discloses, involving a sum large enough to require secure investment, and where there was nothing apparently to prevent the taking of other security, to put the property of a ward at the hazard of the solvency of a single individual or firm engaged in active business cannot be considered the exercise of due caution or of a sound discretion on the part of a guardian; and, a loss having ensued, he must be held responsible for it.

*Decree of the judge of probate reversed.*